# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

DEMARIO RICHARD COLEMAN,

    Petitioner/Defendant.

v.

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

Case No. CIV-13-326-RAW
(Underlying Case No. CR-12-018)

## ORDER & OPINION

Before the court is Demario Richard Coleman's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence [Docket No. 1]. On March 27, 2012, Petitioner pled guilty to Count 1 of the Indictment, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). On July 18, 2012, Petitioner was sentenced to 180 months in prison, followed by 3 years of supervised release. The Judgment was entered on July 26, 2012. Petitioner did not file an appeal. Petitioner's motion is timely.[1]

Petitioner raises three grounds for relief in his habeas motion: (1) that his due process rights were violated because under Begay v. United States, 553 U.S. 137 (2008), his prior felonies do not qualify him as an armed career offender; (2) that his due process rights were violated because under Alleyne v. United States, 133 S.Ct. 2151 (2013), his prior offenses must

---

[1] "A one-year period of limitation applies to [a] habeas petition. 28 U.S.C. § 2255. The limitation period runs from the date on which the judgment of conviction becomes final . . . ." United States v. Ramos, 150 Fed.Appx. 752, 753 (10th Cir. 2005) (citations omitted). In this case, the judgment of conviction became final when the fourteen (14) day period for appeal provided by Fed. R. App. P. 4(b)(1)(A)(i) expired on August 9, 2012. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). As the habeas motion was filed on July 22, 2013, less than a year after the judgment became final, it is timely.

be charged in the Indictment in order to enhance his mandatory minimum; and (3) that he was denied effective assistance of counsel because his attorney did not object to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), enhancement and preserve the issue for appeal. For the reasons set forth below, the habeas motion is denied on all grounds.

**FACTUAL AND PROCEDURAL BACKGROUND**

Each of Petitioner's claims relate to his sentencing enhancement under 18 U.S.C. § 924(e). Section 924(e) of Title 18 of the United States Code provides an enhanced sentence for anyone who violates § 922(g) and "has three previous convictions . . . <u>for a violent felony or a serious drug offense, or both</u>, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e). Petitioner's enhancement was based upon serious drug offenses, each in Muskogee County, committed on: February 16, 2007, January 9, 2008, February 4, 2008, and September 2, 2008.

**DUE PROCESS CLAIMS**

Petitioner's due process claims could have been, but were not, brought on direct appeal. "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." <u>United States v. Cook</u>, 997 F.2d 1312, 1320 (10th Cir. 1993). Petitioner's "failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." <u>Id</u>.

2

Ineffective assistance of counsel is cause for procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). Both of Petitioner's due process claims relate to the ACCA enhancement. Petitioner also alleges that his attorney was ineffective for failing to object to the ACCA enhancement. "When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue." Hooks v. Ward, 184 F.3d 1206, 1221 (10th Cir. 1999).

**INEFFECTIVE ASSISTANCE CLAIMS**

In order to prevail on his claims of ineffective assistance of counsel, Petitioner must satisfy the two-prong test set out in Strickland v. Washington, 466 U.S. 668 (1984). Under this test, Petitioner must show both that his counsel's performance was deficient and that the deficiency prejudiced his defense. Id. at 687.

He must show that his counsel's "representation fell below an objective standard of reasonableness." Id. at 688. "Judicial scrutiny of counsel's performance must be *highly deferential*. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689 (emphasis added).

A reviewing court must make every effort "to evaluate the conduct from counsel's perspective at the time." Id. Moreover, a convicted defendant "must overcome the *presumption* that, under the circumstances, the challenged action '*might be considered sound trial strategy*.'" Id. (citation omitted) (emphasis added). "There are countless ways to provide effective

3

assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Id.

To prevail, a Petitioner must also show that the error had an effect on the judgment in his case. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. Even if an error had some conceivable effect, that is not enough to set aside a judgment. Id. at 693. Instead, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

While a defendant must prove both deficient performance and prejudice before he is entitled to relief, the court need not address the elements in that order. Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result." Id. Moreover, "the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment." Id.

**GROUND 1 – Begay**

Begay is not applicable in this case. The Begay Court ruled that driving under the influence of alcohol is not a "violent felony" under the ACCA. Begay, 553 U.S. at 139-48. None of Petitioner's predicate offenses included driving under the influence of alcohol. His predicate offenses were serious drug offenses. Begay simply does not apply.

Petitioner's counsel was not ineffective for failing to raise <u>Begay</u>, and Petitioner suffered no prejudice. As there was no ineffective assistance of counsel and Petitioner has shown no other cause excusing his default, Petitioner is barred from raising this issue after not raising it on direct appeal. Petitioner's motion is denied on this ground.

**GROUND 2 – Alleyne**

In <u>Alleyne</u>, the Supreme Court held that any finding of fact that aggravates the legally prescribed range of possible punishment "constitutes an element of a separate, aggravated offense that must be found by the jury . . . ." <u>Alleyne</u>, 133 S.Ct. at 2158-62. <u>Alleyne</u>, however, is not applicable in this case. The <u>Alleyne</u> Court did not revisit the exception to this rule for the fact of prior convictions. <u>Id</u>. at 1260 n. 1. Petitioner's ACCA enhancement was based on prior convictions, which do not have to be found by the jury.

Again, Petitioner has not shown ineffective assistance or prejudice. As he has shown no other cause excusing his default, Petitioner is barred from raising this issue here after not raising it on direct appeal. Petitioner's motion is denied as to this ground as well.

**GROUND 3 – Failure to Object to ACCA Enhancement**

As the court ruled above, Petitioner's arguments under <u>Begay</u> and <u>Alleyne</u> fail. Petitioner has raised no other non-frivolous argument his counsel should have raised. Petitioner's right to effective assistance of counsel "does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." <u>Smith v. Robbins</u>, 528 U.S. 259, 278 (2000). The ACCA enhancement was properly applied. Petitioner

has not shown deficient performance by his attorney or prejudice. His motion, therefore, fails as to this ground as well.

**CONCLUSION**

For the reasons stated above, Petitioner's habeas motion is DENIED on all grounds. As the motion and the files and records of the case conclusively show that Petitioner is entitled to no relief, no evidentiary hearing is necessary.

It is so Ordered this 23rd day of December, 2014.

**Dated this 23rd day of December, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma